IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRELL PRICE,

               Plaintiff,

    v.                                              CASE NO.12-3227-SAC

STATE OF KANSAS, et al.,

               Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights complaint transferred to this court from the U.S. District Court for the Middle District of Tennessee. Plaintiff, a prisoner now confined in the Montgomery County Jail, Clarksville, Tennessee, appears to complain of events that occurred incident to his Kansas conviction and his incarceration here. He proceeds pro se and in forma pauperis.

The court has reviewed the record and finds the plaintiff's claims fall into two categories: first, he complains of a failure to provide adequate medical care during his incarceration, and second, he complains of defects in the criminal proceedings that resulted in his conviction.

A state prisoner who challenges the conditions of his confinement must proceed under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001)(discussing the habeas corpus and civil rights remedies), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001). Accordingly, plaintiff must present his claims concerning medical care in an action under

§ 1983.

Next, to the extent that plaintiff seeks relief from his conviction, his federal remedy lies in habeas corpus. Accordingly, plaintiff must pursue his claims concerning the evidence presented in state court proceedings and alleged defects in the state court records under 28 U.S.C. § 2254. However, before he may do so, he must present all the claims first to the state courts, including the state appellate courts. *See* 28 U.S.C. § 2254(b). Likewise, plaintiff may pursue habeas corpus relief only if he is "in custody" under his Kansas conviction or sentence at the time his petition under § 2254 is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)(per curiam); *McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009)("Section 2254's in-custody requirement is jurisdictional.")

Finally, pursuant to the rules of this court, a prisoner must use a form pleading to commence an action. D.Kan.R. 9.1(a). Accordingly, the court will direct the clerk of the court to provide plaintiff with the form pleadings used in this district for filing actions under § 1983 and § 2254. Because this action has been construed as a civil rights action, plaintiff may supplement the present record with the completed § 1983 form. If plaintiff wishes to pursue an action under § 2254, he must submit the appropriate form pleading and a new action will be opened.

IT IS, THEREFORE, BY THE COURT ORDERED the clerk of the court shall transmit form pleadings for an action under 42 U.S.C. § 1983 and 28 U.S.C. § 2254 to the plaintiff. Plaintiff is advised that this matter may be dismissed if he fails to complete and return the § 1983 form on or before December 3, 2012.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 1st day of November, 2012, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge