```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JERRELL PRICE,**

                      **Plaintiff,**

        v.                                                CASE NO. 12-3227-SAC

**STATE OF KANSAS, et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. The action was transferred to this court from the U.S. District Court for the Middle District of Tennessee. Plaintiff, a prisoner held at the Montgomery County Jail, Clarksville, Tennessee, proceeds pro se and in forma pauperis.

    Upon its receipt of this matter, the court conducted an initial review and issued an order setting forth its finding that plaintiff set forth two types of claims: first, a complaint that he had received inadequate medical care during his incarceration in Dickinson County, Kansas, and second, a complaint concerning defects in the criminal proceedings that ended in his conviction. Next, the court advised plaintiff that a challenge to the conditions of his confinement must be presented under § 1983, while a challenge to the legality of his conviction must be presented in an application for habeas corpus relief after exhaustion of available state court remedies. The court directed the clerk of the court to provide plaintiff with appropriate form pleadings and granted plaintiff time to submit the completed §1983 form.

    Plaintiff has submitted the § 1983 form (Doc. 12), and the court has examined that pleading. After conducting that review, the court

is considering the dismissal of this action.

First, to the extent plaintiff seeks relief against an assistant district attorney based upon a challenge to his conviction, plaintiff states no claim for relief under § 1983. As set forth in the court's earlier order, a challenge to the validity of the conviction must be made in an application for habeas corpus relief. Likewise, to the extent plaintiff might seek damages against the assistant district attorney, that defendant is entitled to absolute prosecutorial immunity from an action for such relief when the claim arises from the performance of a prosecutor's functions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Here, it appears the plaintiff challenges the characterization of his criminal conduct as incest. Such a charging decision, however, is within the core function of a prosecutor.

Next, to the extent that plaintiff seeks relief arising from the alleged failure to provide him with adequate medication and access to a C-PAP machine during his incarceration in Dickinson County, Kansas, the court finds his claim is not timely.

The statute of limitations for a complaint filed pursuant to §1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In Kansas, the applicable period is the two-year limitation period in K.S.A. § 60-503(a)(4) for "injury to the rights of another." *Garcia v. Univ. of Kan.*, 702 F.2d 849, 851 (10th Cir. 1983).

While the limitation period is determined by reference to state law, federal law determines when the federal claim accrues. *See Baker*

*v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.)(internal citation omitted), *cert. denied*, 549 U.S. 1059 (2006).

The plaintiff's amended complaint states that following his arrest and extradition to Kansas in December 2009, he was held in Dickinson County. He was denied access to C-PAP equipment and removed from the pain and respiratory medication he had. (Doc. 12, p. 2.) This continued until June 2010. *Id*., p. 3. The deprivations described by the plaintiff suggest he had immediate notice of them. Because the plaintiff did not present his action until September 2012, he failed to assert his claims within the two-year limitation period.

Accordingly, the court will direct plaintiff to show cause why this matter should not be dismissed for the reasons set forth.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including January 11, 2013, to show cause why this matter should not be dismissed based upon the prosecutorial immunity of defendant Hawkins and upon plaintiff's failure to present the claims for relief within the two-year limitation period. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 12th day of December, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge